STATE EX REL. SHENANGO FURNACE COMPANY v. J. G. ARMSON AND OTHERS.[1]

February 26, 1926.

No. 24,972.

**Evidence not conclusive as to payment of royalties in advance.**

1. In a proceeding to determine the occupation tax imposed by L. 1921, c. 223, the evidence did not conclusively establish relator's right to a deduction of advance royalties alleged to have been paid when a mining lease was purchased, and the commission did not err in refusing to allow the claim.

**Cases followed as to deductions allowable.**

2. But certain deductions should have been made in accordance with State v. Armson, supra, page 230, and State v. Armson, supra, page 243.

Licenses, 37 C. J. p. 250 n. 69.

Certiorari directed to the State Tax Commission to review its determination of relator's occupation tax for 1924. Remanded.

*Washburn, Bailey & Mitchell*, for relator.

*Clifford L. Hilton*, Attorney General, *G. A. Youngquist*, Assistant Attorney General, and *Patrick J. Ryan*, for respondents.

LEES, C.

Certiorari to review the State Tax Commission's determination of the relator's occupation tax for 1924.

With one exception, all the questions presented are disposed of in opinions in State ex rel. Inter-State Iron Co. v. Armson, supra,

[1]Reported in 207 N. W. 735.

page 230, and State ex rel. Bennett Mining Co. v. Armson, supra, page 243. The one question to be determined is whether the commission erred in disallowing deductions for royalties claimed to have been paid in advance on ore removed from the Shenango mine and the Webb mine, both of which are owned and operated by the relator.

In the year 1906 leases of these two. mines were assigned to the Shenango Furnace Co. At the time of the transaction the company also acquired a coal mine, a furnace and stock in a lime company. The consideration was paid in a lump sum and was $10,000,000. One-half of that amount was paid in cash to the Henry W. Oliver Estate; the other half to W. P. Snyder by issuing to him stock in the company to the amount of $5,000,000. The amounts paid for each of the properties purchased were not shown at the hearing before the commission, but it was shown that, in negotiations which preceded the purchase, the parties to the transaction made a memorandum from which it appears that they considered $4,500,000 to be the purchase price of the lease of the Shenango mine and $2,125,000 that of the lease of the Webb mine. This memorandum, of which a photostatic copy was produced, is the only evidence on the subject. There is no evidence that this apportionment of the total price fairly represents the value of either lease. We have then another case in which a lump sum paid for several properties was divided and a portion allocated to each. Assuming that part of the entire consideration should be regarded as an advance payment of royalties, we encounter the same difficulty as in the other cases decided herewith. In determining the amount to be deducted if an advance royalty was actually paid, the commission is not bound by contemporaneous or subsequent declarations of the parties to the transaction as to the amount paid as a royalty. For these reasons, if for none other, the commission did not err in refusing to allow the claim.

Other deductions claimed and allowed or disallowed are of the same nature as those considered in State ex rel. Inter-State Iron Co. v. Armson, supra, page 230, and State ex rel. Bennett Mining Co.

v. Armson, supra, page 243. What is said of them may be taken as part of this opinion.

The proceeding is remanded to the commission for such further action as may be necessary to give effect to the views expressed herein.